ATTORNEYS AT LAW
225 LIBERTY STREET, 28TH FLOOR   NEW YORK, NY 10281-1008
*www.sedgwicklaw.com*   212.422.0202 *phone*   212.422.0925 *fax*

# Sedgwick LLP

**MEMO ENDORSED**

Lawrence Klein
212-898-4039
lawrence.klein@sedgwicklaw.com

February 9, 2015

**Via Electronic Filing**

Hon. Colleen McMahon
United States District Court
500 Pearl Street, Room 1640
New York, N.Y. 10007

*[Handwritten endorsement: 3/11/2015 — 60 day extension granted. I have held tmo TKRs — I know Ntl recovery. The request involves reasonable fee.]*

Re:   *Consolidated Edison Company of New York, Inc. v. Lexington Insurance Company*
      Case No. 14-cv-06547-CM
      Our File No.:   02331-007950

Dear Judge McMahon:

We represent defendant Lexington Insurance Company.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/11/15
```

The purpose of this letter is to request a 60-day extension of the March 3, 2015 discovery completion deadline, as set forth in the Case Management Plan (the "Plan") filed on October 27, 2014 (ECF No. 15). The request is to extend the March 3rd deadline for purposes of taking depositions, not pending written discovery, which is expected to be completed before March 3rd.[1]

In our discussions with counsel regarding the need for an extension (discussed below), Con Edison has agreed to a 30-day extension, but not more.

Pursuant to paragraph 12 of the Plan, deadlines may be amended on a showing of good cause. As discussed below, this case is barely six months old, and the parties have been diligent with respect to discovery. Unforeseen calendar conflicts and medical issues, however, now require that the parties have a brief extension to complete depositions.

For background, the complaint in this matter was filed on August 15, 2014. Defendant filed its answer on October 24, 2014, and the Plan was filed a few days later. The Plan provided for all discovery to be completed on or before March 3, 2015, a little over four months later.

Since the Plan was entered, the parties exchanged initial disclosures on November 21, 2014. Con Edison produced its initial documents on January 12, 2015, and Lexington produced its initial

---

[1] Con Edison's responses to certain document requests and interrogatories are due on February 17 and 25, 2015. We are hopeful that there will not be significant discovery disputes with Con Edison regarding these responses. To the extent there may be unresolved issues, however, we would request that the extension of the March 3rd completion deadline encompass any necessary motion to compel the requested discovery.

19887095v1

Hon. Colleen McMahon
Re: Consolidated Edison v. Lexington Ins. Co.
February 9, 2015
Page 2

documents, as well as documents responsive to Con Edison's document requests, on January 14, 2015. Lexington served document requests on January 12, 2015, followed by additional document requests, interrogatories and a deposition notice on January 27, 2015; and additional deposition notices and third-party document subpoenas on January 30th and February 3rd.[2] Con Edison served a deposition notice on January 13th and a deposition subpoena on February 3rd.

The two depositions noticed by Con Edison are for Lexington's 30(b)(6) witness, noticed for February 13, 2015; and David Farrell, noticed for February 18, 2015. While I will be responsible for handling these depositions, unfortunately I will be out of the country from February 10, 2015 through February 19, 2015.

More significantly, both of these witnesses are having surgeries in February. Mr. Farrell, who is 67 years old, underwent a total knee replacement surgery (arthroplasty) on February 4, 2015. His hospital stay was expected to last anywhere from three to five days. After that, post-op physical therapy will take place at a physical rehabilitation center for approximately two weeks (or, depending on his post-op condition, at home with daily visits by medical personnel). Mr. Farrell will not be in any condition to sit for a deposition during February, and his "full recovery" is expected to take approximately six months.

Lexington's 30(b)(6) witness, Scott Lee, is scheduled for a meniscectomy on February 23, 2015. Mr. Lee will be confined to his home for at least one week after that, and expects to have "some" capacity to get out of the house and move about around the third week after surgery. His "full recovery" may take up to eight weeks.

Given these unforeseeable circumstances, and the substantial uncertainty that these witnesses will be physically fit to sit for a deposition in March, good cause exists for a 60-day extension of the discovery completion date.[3]

Thank for Your Honor's consideration of this request.

Respectfully,

*[signature]*

Lawrence Klein
Sedgwick LLP


cc: David L. Elkind

---

[2] For the sake of parity, in the event the Court grants the extension, we would also contemplate rescheduling the depositions that were noticed by Lexington for March 2nd and 3rd.

[3] In the event the Court grants this request, we respectfully request that the April 10, 2105 deadline to file a joint pretrial order be adjourned accordingly.

19887095v1