UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————x

CONSOLIDATED EDISON COMPANY
OF NEW YORK, INC.,

       Plaintiff,

    -against-

LEXINGTON INSURANCE COMPANY,

       Defendant.

—————————————————————————x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/7/15

14 Civ. 6547 (CM)(JLC)

ORDER

McMahon, J.:

       I have reviewed the letter dated April 27, 2015 from counsel for plaintiff Con Ed, which wishes to files extensive paperwork relating to a motion for summary judgment under seal. Con Ed has designated common commercial documents (including form insurance policies and standard contracts) "confidential" because it fears that public disclosure of portions of those documents might prejudice it in the conduct of certain lawsuits arising out of the incident that underlies this insurance dispute ("the 2007 Steam Incident").

       Con Ed's invocation of trade secret law to seal items like publicly available form insurance policies is not sustainable. I reject Plaintiff's attempt to litigate this case under seal.

       I have reviewed the documents that underlie Con Ed's sealing request. I direct as follows:

       Con Ed must file publicly copies of Exhibits 6 and 7, but may redact references to coverage limits. The fact that Con Ed  and the insurance companies who sold it the policies that are Exhibits 6 and 7 stamped the policies "Privileged and Confidential" does not make them so – no form of privilege attaches to an insurance policy (for one thing, both parties are aware of the contents of the policy), and the policies themselves are form policies on file with state regulators. The only thing that is arguably confidential in these policies is the coverage amounts. In both the exhibits and in any brief(s) that mention them, publicly filed copies may redact that amount.

       I do not see anything confidential about Exhibit 8. No redaction, no sealing.

Con Ed may redact names and settlement information from Exhibit 9.

Exhibit 12 is a form contract – there is nothing confidential about it. The attached purchased orders may be filed under seal.

I do not see anything confidential about Exhibit 18, except possibly the amount of the settlement, which can be redacted.

Con Ed may file Exhibit 19 under seal.

References to material filed under seal should be redacted from any publicly filed copy of a brief or other document. There should be a publicly filed copy of every brief and affidavit/declaration filed in support of or in opposition to the motion.

Dated: May 6, 2015

_____
U.S.D.j.

BY ECF TO COUNSEL
BY EMAIL TO MAGISTRATE JUDGE COTT