IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., <br><br> Plaintiff, <br><br> v. <br><br> LEXINGTON INSURANCE COMPANY, <br><br> Defendant. | Case No. 14 Civ. 6547 (CM) (JLC) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Lawrence Klein
Timothy D. Kevane
SEDGWICK LLP
225 Liberty Street, 28th Floor
New York, NY  10281
Telephone: (212) 422-0202
Facsimile: (212) 422-0925
lawrence.klein@sedgwicklaw.com
timothy.kevane@sedgwicklaw.com

*Attorneys for Defendant*
*Lexington Insurance Company*

# TABLE OF CONTENTS

Pages

PRELIMINARY STATEMENT ..................................................................................................... 1

FACTUAL BACKGROUND ........................................................................................................... 1

    A.    The Steam Pipe Lawsuits ............................................................................................ 1

    B.    Con Edison's Claims Against Lexington .................................................................... 1

    C.    Con Edison Has Sufficient Liability Insurance for the Lawsuits ............................... 2

    D.    AEGIS and EIM Reimbursed the Bulk of Con Edison's Defense Costs .................... 2

    E.    Insurance Through Lexington ..................................................................................... 4

SUMMARY JUDGMENT STANDARDS ...................................................................................... 5

ARGUMENT .................................................................................................................................... 6

    POINT ONE:    LEXINGTON IS ENTITLED TO PARTIAL SUMMARY JUDGMENT TO THE EXTENT CON EDISON CANNOT ESTABLISH IT SUSTAINED DAMAGES ................................................ 6

    A.    Con Edison Cannot Seek Reimbursement for Costs Already Paid by Another Insurer ........................................................................................... 6

    B.    Con Edison's Claim for Reimbursement of the $5 Million SIR and In-House Counsel Costs Is Limited to Costs that Were Incurred Post-Tender and Pre-Settlement ................................................................................. 9

CONCLUSION ............................................................................................................................... 10

# TABLE OF AUTHORITIES

Pages

**Cases**

Anderson v. Liberty Lobby, Inc.,
  477 U.S. 242, 106 S.Ct. 2505 (1986) .................................................................. 5

Asher v. Unarco Material Handling, Inc.,
  862 F. Supp. 2d 551 (E.D. Ky. 2012) .................................................................. 8

Celotex v. Catrett,
  477 U.S. 317, 106 S. Ct. 2548 (1986) .................................................................. 5

E.E.O.C. v. Waffle House, Inc.,
  534 U.S. 279, 122 S.Ct. 754 (2002) .................................................................... 9

Fleisher v. Phoenix Life Ins. Co.,
  18 F. Supp. 3d 456 (S.D.N.Y. 2014) ................................................................... 6

Garofalo v. Empire Blue Cross & Blue Shield,
  67 F. Supp. 2d 343 (S.D.N.Y. 1999) ................................................................... 7

Inchaustegui v. 666 5th Avenue Limited Partnership,
  96 N.Y.2d 111 (2001) ............................................................................... 6, 7, 9

Jewell-Rung Agency, Inc. v. Haddad Org., Ltd.,
  814 F. Supp. 337 (S.D.N.Y. 1993) ...................................................................... 5

LNC Investments, Inc. v. First Fidelity Bank, N.A.,
  173 F.3d 454 (2d Cir. 1999) ................................................................................ 9

Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,
  475 U.S. 574, 106 S.Ct. 1348 (1986) .................................................................. 6

Republic Corporation v. Procedyne Corporation,
  401 F. Supp. 1061 (S.D.N.Y. 1975) .................................................................... 6

Smart Style Industries, Inc. v. Pennsylvania General Ins. Co.,
  930 F. Supp. 159 (S.D.N.Y. 1996) ...................................................................... 9

Sparaco v. Lawler, Matursky, Skelly Engineers LLP,
  313 F. Supp. 2d 247 (S.D.N.Y. 2004) ................................................................. 9

Summit Health, Inc. v. APS Healthcare Bethesda, Inc.,
  993 F. Supp. 2d 379 (S.D.N.Y. 2014) ................................................................. 7

Travelers Casualty and Surety Co. v. Alfa Laval, Inc.,
     964 N.Y.S.2d 63, 37 Misc.3d 1230(A) (N.Y. Sup. 2011) .......................................................... 7

Waxman v. Envipco Pick Up & Processing Services, Inc.,
     No. 2-10132, 2006 WL 236818 (S.D.N.Y. Jan. 17, 2006) ...................................................... 8

**Rules**

Fed. R. Civ. P. 56 .......................................................................................................................... 5

## PRELIMINARY STATEMENT

Consolidated Edison Company of New York, Inc. ("Con Edison") filed this action to recover costs it paid in defending claims arising from a July 18, 2007 steam pipe explosion in midtown Manhattan from Lexington Insurance Company ("Lexington"). Actually, Con Edison was reimbursed by other insurers for virtually all of the costs it now seeks from Lexington. As to these costs, Lexington is entitled to partial summary judgment. The law does not allow a double recovery. Con Edison has not suffered damages and cannot sustain a cause of action for those costs for which it has already been paid.

The balance of Con Edison's claim consists of costs the other insurers did not reimburse either because Con Edison was required to satisfy a self-insured retention ("SIR") or because they were for Con Edison's in-house counsel. Because Con Edison concedes it can only recover costs it incurred after it tendered its claim and before Lexington paid its policy limits, Lexington is entitled to partial summary judgment directing that any recovery by Con Edison is limited to costs incurred during this time period.

## FACTUAL BACKGROUND

### A. The Steam Pipe Lawsuits

On July 18, 2007, a Con Edison steam distribution pipe exploded at the intersection of 41st Street and Lexington Avenue in Manhattan (Statement of Material Facts ("SF") ¶ 1). The explosion caused personal injury and property damage, leading to numerous lawsuits against Con Edison (the "Lawsuits") (SF ¶ 2).

### B. Con Edison's Claims Against Lexington

Lexington issued a policy to Team, Inc. ("Team"). It is undisputed that Con Edison is an additional insured under the Lexington policy. Con Edison seeks reimbursement of $25,022,956.35 from Lexington (SF ¶ 3). These costs include: (i) defense costs previously

1

reimbursed by Con Edison's own insurers (the vast majority of the claim); (ii) Con Edison's $5 million SIR; and (iii) amounts allegedly paid to the Law Offices of Richard W. Babinecz, Con Edison's in-house counsel (SF ¶ 4).

C. **Con Edison Has Sufficient Liability Insurance for the Lawsuits**

At the time of the explosion, Con Edison had in place its own liability insurance program, with multiple insurers providing coverage in layers. Two of those are relevant here:

- The first layer is a ▉▉▉▉▉▉▉ liability insurance policy issued by Associated Electric and Gas Insurance Services Limited ("AEGIS") (SF ¶ 5). In order to trigger coverage under the AEGIS policy, Con Edison must satisfy a $5 million SIR (SF ¶ 5).
- The second layer is a ▉▉▉▉▉▉▉ liability insurance policy issued by Energy Insurance Mutual ("EIM") (SF ¶ 6).

Both the AEGIS and EIM policies are "cost-erosive." Accordingly, their limits can be exhausted by payment of both defense costs and indemnity.

There is no dispute that Con Edison's liability insurance program provides more than sufficient coverage for the Lawsuits. In its responses to Lexington's Interrogatories, Con Edison admitted that it does not contend that its damages exposure and defense costs in the Lawsusits will exceed the limits that remain available under its own insurance policies (SF ¶ 7).

D. **AEGIS and EIM Reimbursed the Bulk of Con Edison's Defense Costs**

On October 31, 2007, Con Edison notified AEGIS that it paid $8,105,682.93 in costs through October 31, 2007, thus satisfying the $5 million SIR (SF ¶ 8). Con Edison requested that AEGIS reimburse Con Edison the $3,105,682.93 balance (SF ¶ 9), which AEGIS paid on December 12, 2007 (SF ¶ 10). Con Edison subsequently submitted to AEGIS periodic requests for reimbursement along with copies of its bills (SF ¶ 11). Importantly, during this time, Con

Edison did not send its bills and reimbursement requests to Lexington. In fact, Lexington did not receive the bills until several years later, well after they were already paid (see discussion below). AEGIS made the following reimbursement payments Con Edison:

| Date of AEGIS Payment to Con Edison | Amount of Payment |
|---|---|
| December 12, 2007 | $ 3,105,682.93 |
| March 24, 2008 | 5,345,487.96 |
| September 22, 2008 | 6,000,000.00 |
| December 9, 2008 | 6,300,489.76 |
| March 12, 2009 | 2,464,697.46 |
| June 30, 2009 | 2,907,291.46 |
| November 19, 2009 | 873,375.24 |
| December 7, 2009 | 1,321,238.69 |
| June 10, 2010 | 1,047,600.37 |
| August 9, 2010 | 5,634,136.13 |
| | $35,000,000.00 |

(SF ¶ 12).

On August 10, 2010, Con Edison notified EIM that the limit of the AEGIS policy was exhausted and "accordingly" requested that EIM begin reimbursing Con Edison for the payments it was making (SF ¶ 13). EIM made the following reimbursement payments to Con Edison:

| Date of EIM Payment to Con Edison | Amount of Payment |
|---|---|
| October 14, 2010 | $    78,207.78 |
| January 28, 2011 | 1,731,897.04 |
| April 15, 2011 | 680,992.65 |
| August 15, 2011 | 1,120,786.97 |
| January 27, 2012 | 3,507,264.75 |
| May 11, 2012 | 1,972,975.73 |
| September 29, 2012 | 1,564,899.90 |
| December 21, 2012 | 312,624.70 |
| March 29, 2013 | 743,662.91 |
| October 24, 2013 | 933,391.70 |
| December 20, 2013 | 1,199,135.98 |
| April 17, 2014 | 1,335,728.07 |
| June 19, 2014 | 1,238,944.51 |
| September 11, 2014 | 1,368,344.71 |
| | $17,788,857.40 |

(SF ¶ 14).

While a portion of these payments may include settlements, there is no dispute that, in making these payments, AEGIS and EIM reimbursed Con Edison's defense costs (SF ¶ 15) – with two exceptions: Con Edison's $5 million SIR and its in-house counsel costs (SF ¶ 16).

E. **Insurance Through Lexington**

At the time of the explosion, Con Edison had a contract with Team for the repair and maintenance of its steam pipes (SF ¶ 17). This contract required Team to procure general liability insurance naming Con Edison as an additional insured (SF ¶ 18). The policy procured by Team was issued by Lexington and was subject to a ▮▮▮▮▮ limit, which as noted below was paid towards underlying settlements (SF ¶ 19).

On September 14, 2007, Con Edison provided notice of the explosion (SF ¶ 20), which Lexington acknowledged on September 27, 2007 (SF ¶ 21). Lexington issued a reservation of rights letter on October 6, 2008 (SF ¶ 22).

In its October 6, 2008 letter, Lexington asked that Con Edison send it a copy of the defense cost invoices for the Lawsuits (SF ¶ 23). In July 2009, Lexington again asked Con Edison to send it copies of the defense cost invoices (SF ¶ 24). In March 2010, Lexington made a third request to Con Edison for the defense invoices (SF ¶ 25). As discussed below, Con Edison provided its invoices for costs incurred 2007 to Lexington in July 2011. By then, those invoices had long since been reimbursed by AEGIS (except for the SIR and in-house counsel costs).

In May 2011, Lexington paid its policy limit to Con Edison (SF ¶ 26). Con Edison reserved the right to seek reimbursement from Lexington of its defense costs from the date Con Edison provided notice to Lexington (September 14, 2007) to the date Lexington paid its policy limits (May 4, 2011) (SF ¶ 27). In an internal memorandum dated May 5, 2011, however, Con

Edison 

(SF ¶ 28) (emphasis added) (The memo did not mention the in-house counsel or SIR costs.).

On July 21, 2011, Con Edison provided Lexington with its defense invoices for 2007 in the amount of $4,766,526.55 (SF ¶ 29). On December 2, 2011, Con Edison requested that Lexington pay the 2007 invoices (SF ¶ 30). On May 17, 2012, Con Edison sent its invoices for 2008 ($9,567,455.14); 2009 ($4,073,035.68); 2010 ($4,100,124.48); and 2011 ($2,565,776.81) (SF¶ 31). These communications did not indicate that AEGIS and EIM already reimbursed Con Edison for almost all of these invoices (SF ¶ 32).

## SUMMARY JUDGMENT STANDARDS

A party is entitled to summary judgment pursuant to Rule 56 when there is "no genuine issue of material fact" and the undisputed facts warrant judgment for the moving party as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505 (1986). A motion for partial summary judgment to limit damages is appropriate to narrow the issues before trial. Jewell-Rung Agency, Inc. v. Haddad Org., Ltd., 814 F. Supp. 337, 339-40 (S.D.N.Y. 1993).

The moving party has the initial burden of demonstrating the absence of a disputed issue of material fact. Celotex v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Once that showing has been made, the non-moving party must present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 248. The court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable

inferences in its favor. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348 (1986). However, the party opposing summary judgment may not rely on conclusory allegations or unsubstantiated speculation. Fleisher v. Phoenix Life Ins. Co., 18 F. Supp. 3d 456, 466 (S.D.N.Y. 2014); Anderson, 477 U.S. at 249 ("merely colorable" or "not significantly probative" evidence will not defeat a summary judgment).

## ARGUMENT

## POINT ONE

## LEXINGTON IS ENTITLED TO PARTIAL SUMMARY JUDGMENT TO THE EXTENT CON EDISON CANNOT ESTABLISH IT SUSTAINED DAMAGES

The sole count in Con Edison's complaint is for breach of contract. The elements of an action for breach of contract are: (1) formation of a contract; (2) performance by the plaintiff of contract terms; (3) defendant's failure to perform; and (4) resulting damage to the plaintiff. Republic Corporation v. Procedyne Corporation, 401 F. Supp. 1061, 1068 (S.D.N.Y. 1975). The fatal flaw in Con Edison's claim is that it cannot satisfy the fourth element requiring it to establish "resulting damage" to the extent it has already been reimbursed by other insurers or is seeking costs that were incurred before tendering the claim and after Lexington paid its policy limits.

A. **Con Edison Cannot Seek Reimbursement for Costs Already Paid by Another Insurer**

The New York Court of Appeals made it clear in Inchaustegui v. 666 5th Avenue Limited Partnership, that, where the insured's defense costs are paid by its insurer, the insured has no viable breach of contract claim against another party for those same costs. 96 N.Y.2d 111 (2001). In that case, a commercial landlord was sued by the employee of a tenant for personal injuries. The landlord's own insurance policy covered the costs incurred in defending the personal injury claim. Nonetheless, the landlord sought payment of those same costs from the

tenant on the theory that the tenant breached its contract to name the landlord as an additional insured under the tenant's liability insurance policy.

The New York Court of Appeals rejected landlord's claim and held that: "The landlord obtained its own insurance and therefore sustained no loss beyond its out-of-pocket costs. [ ] Accordingly, it may not now look to the tenant for the full amount of the ... defense costs in the underlying tort claim." Id. at 114. Thus, the court limited the landlord to its out-of-pocket costs, i.e., its "deductibles, co-payments and increased future premiums." Id. The court concluded that under "settled contract principles," the insured landlord is only entitled to be placed "in as good a position" as it would have been in had the tenant performed and that its recovery is limited to the loss it "actually suffered by reason of the breach." Id. at 116.

A similar result was reached in Garofalo v. Empire Blue Cross & Blue Shield, 67 F. Supp. 2d 343 (S.D.N.Y. 1999). In Garofalo, the plaintiff-insured sued her employer's health insurer for reimbursement of medical bills. Because the bills were already paid by her husband's health insurance plan, the court held that the plaintiff suffered no "actual out-of-pocket loss" and dismissed the claim. Id. at 347.

The rule against double recovery of an insured's costs was also applied in Travelers Casualty and Surety Co. v. Alfa Laval, Inc., 964 N.Y.S.2d 63, 37 Misc.3d 1230(A) (N.Y. Sup. 2011), aff'd 100 A.D.3d 451 (2012). There, a dispute existed between the insurer and the insured concerning the extent of the insurer's responsibility for defense costs incurred in an underlying litigation. Part of those costs was already paid by other insurers. Although the court found that the defendant insurer had a duty to defend, the court confirmed that: "Double recovery will be avoided by reducing [the insurer's] liability for [the insured's] defense by the amounts obtained by [the insured] from the other insurers." Id. at * 3. See also Summit Health, Inc. v.

APS Healthcare Bethesda, Inc., 993 F. Supp. 2d 379, 399 (S.D.N.Y. 2014) (the defendant had no viable breach of contract defense against the plaintiff, since it was paid in full for its services by a third-party, and therefore suffered no damages).

Asher v. Unarco Material Handling, Inc., 862 F. Supp. 2d 551 (E.D. Ky. 2012) (which cited to Garofalo, above), is directly on point. There, numerous personal injury claims were filed against the insured, Unarco, and its subcontractor, arising out of equipment repairs at Wal-Mart. Unarco's insurer, Travelers, paid all of its defense costs. Nonetheless, Unarco sued Lexington, as an additional insured under the policy that Lexington issued to the subcontractor, seeking reimbursement of the same defense costs already paid by Travelers.

There was no dispute that Lexington owed Unarco a defense for the claims as an additional insured. Nonetheless, because Travelers already paid Unarco's costs, the court found that Unarco "has neither incurred nor expended a single cent," and held that Unarco did not incur any damages, granting summary judgment for Lexington on the breach of contract claim. Id. at 553. In support of its decision, the court cited basic principles governing breach of contract damages, i.e.: the plaintiff cannot be put in a better position than if the contract had been performed; it is not entitled to a double recovery; and must prove damages that it "actually suffered." Asher at 555.

The authorities lead to the same conclusion here: Con Edison cannot recover from Lexington for what it was previously reimbursed. A plaintiff in a breach of contract action cannot be put in a "better position" than if the contract was performed. Waxman v. Envipco Pick Up & Processing Services, Inc., No. 2-10132, 2006 WL 236818, * 6 (S.D.N.Y. Jan. 17, 2006). The United States Supreme Court has warned against such a windfall, noting that "it goes without saying that the courts can and should preclude double recovery by an individual."

E.E.O.C. v. Waffle House, Inc., 534 U.S. 279, 297, 122 S.Ct. 754 (2002); Lucente v. International Business Machines Corp., 146 F. Supp. 2d 298, 304 (S.D.N.Y. 2001) (damages for breach of contract are not designed to allow "windfall recoveries."); Sparaco v. Lawler, Matursky, Skelly Engineers LLP, 313 F. Supp. 2d 247, 250 (S.D.N.Y. 2004) ("A plaintiff is not entitled to recover twice for the same injury."). Simply put, Con Edison's breach of contract claim for the previously-reimbursed costs is fatally defective because they do not constitute damages as a matter of law. LNC Investments, Inc. v. First Fidelity Bank, N.A., 173 F.3d 454, 465 (2d Cir. 1999) (absence of damages is "fatal" to breach of contract claim).

Con Edison's complaint impliedly acknowledges this defect in that it alleges it suffered harm because the AEGIS and EIM policies prematurely eroded by paying defense costs that should have been paid by Lexington (Ex. 3, ¶ 17). Irrespective of whether or not this is accurate, it makes no difference because Con Edison admits that its insurance is more than sufficient to cover its exposure in the Lawsuits (SF ¶ 7). Inchaustegui, above, 96 N.Y.2d at 116 (plaintiff can only recover damages "actually suffered"). Thus, by its own admission, Con Edison did not sustain any damage by any alleged erosion of its own coverage.

**B.**     **Con Edison's Claim for Reimbursement of the $5 Million SIR and In-House Counsel Costs Is Limited to Costs that Were Incurred Post-Tender and Pre-Settlement**

The balance of Con Edison's claim is for costs it incurred in order to satisfy its $5 million SIR and "legal fees incurred as a result of legal services rendered by the Law Offices of Richard W. Babinecz" (Con Edison's in-house counsel), which allegedly were not reimbursed by AEGIS or EIM (SF ¶ 4). To the extent Con Edison may be entitled to reimbursement from Lexington for either of these categories, any such recovery is limited to costs incurred after it furnished notice of the claim to Lexington (i.e., September 14, 2007) (SF ¶ 20) and before Lexington paid its limit (i.e., May 5, 2011) (SF ¶ 26). Smart Style Industries, Inc. v. Pennsylvania General Ins.

Co., 930 F. Supp. 159, 164 (S.D.N.Y. 1996) (insured can only claim costs incurred after date it notified its insurer of the claim).

There can be no controversy on this issue because Con Edison concedes in its complaint that it may only seek to recover costs incurred after the date it provided notice and before Lexington paid its limit: "Lexington should have paid all of Con Edison's defense costs from the time Lexington received notice until it paid its policy's limits of liability." (Ex. 3, ¶ 5). Accordingly, Lexington respectfully requests an Order directing that any recovery by Con Edison is limited to costs for which it was not already reimbursed that were incurred after September 14, 2007, and before May 5, 2011.

## CONCLUSION

Con Edison has no viable breach of contract claim against Lexington for the previously-reimbursed costs. As a result, Con Edison's claim is limited to unreimbursed costs incurred after notice to Lexington and before Lexington paid its policy limit, as described above. Lexington respectfully requests that this motion be granted.

Dated: May 8, 2015

                                              Sedgwick LLP

                                              /s/ Timothy D. Kevane
                                              Lawrence Klein
                                              Timothy D. Kevane
                                              225 Liberty Street, 28th Floor
                                              New York, NY 10281
                                              Tel.: (212) 422-0202   Fax: (212) 422-0925
                                              lawrence.klein@sedgwicklaw.com
                                              timothy.kevane@sedgwicklaw.com

                                              *Attorneys for Defendant*
                                              *Lexington Insurance Company*