IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LEXINGTON INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No. 14 Civ. 6547 (CM) (JLC)<br><br>**DEFENDANT'S RULE 56.1 STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Civil Rules of the U.S. District Court for the Southern District of New York, defendant Lexington Insurance Company ("Lexington") respectfully submits the following statement of material facts as to which there is no issue to be tried in support of its motion for partial summary judgment against plaintiff Consolidated Edison Company of New York, Inc. ("Con Edison").

A. **The Steam Pipe Lawsuits**

　　1.　　On July 18, 2007, a Con Edison steam distribution pipe exploded at the intersection of 41st Street and Lexington Avenue in Manhattan (Exhibit 1 to Declaration of Timothy Kevane).[1]

　　2.　　The explosion caused personal injury and property damage, leading to numerous lawsuits against Con Edison (the "Lawsuits") (Ex. 1).

B. **Con Edison's Claims Against Lexington**

　　3.　　Con Edison seeks reimbursement from Lexington, which issued a policy to Team, Inc. ("Team") (under which Con Edison was an additional insured), of $25,022,956.35 it claims to have paid in defense of the Lawsuits (Ex. 2 at pg. 3; and Ex. 3).

---

[1] The supporting exhibits are attached to the Kevane Declaration. Further references to these exhibits will be noted as "Ex. __."

1

4.      The costs sought by Con Edison include: (i) defense costs previously reimbursed by Con Edison's own insurers (the vast majority of the claim); (ii) Con Edison's $5 million self-insured retention ("SIR"); and (iii) amounts allegedly paid to the Law Offices of Richard W. Babinecz, Con Edison's in-house counsel (Ex. 4; and Ex. 5, response to interrogatory 11 at pg. 4).

C. **Con Edison Has Sufficient Liability Insurance for the Lawsuits**

5.      The first layer of Con Edison's own insurance is a ▓▓▓▓▓▓ liability policy issued by Associated Electric and Gas Insurance Services Limited ("AEGIS") (Ex. 6). To trigger coverage under the AEGIS policy, Con Edison must satisfy a $5 million SIR (Ex. 6, pg. ConEd0000646).

6.      The second layer of Con Edison's insurance is a ▓▓▓▓▓▓ liability insurance policy issued by Energy Insurance Mutual ("EIM") (Ex. 7).

7.      Con Edison does not contend that its damages exposure and defense costs in the Lawsuits will exceed the limits that remain available under its own insurance policies (Ex. 5, response to interrogatory 5 at pg. 3).

D. **AEGIS and EIM Reimbursed the Bulk of Con Edison's Defense Costs**

8.      On October 31, 2007, Con Edison notified AEGIS that it paid $8,105,682.93 in costs regarding the steam pipe explosion through October 31, 2007, thus satisfying the $5 million SIR (Ex. 8).

9.      Con Edison requested that AEGIS reimburse Con Edison the $3,105,682.93 balance (Ex. 8).

10.     AEGIS paid the $3,105,682.93 to Con Edison on or about December 12, 2007 (Ex. 10).

11.     Con Edison subsequently submitted to AEGIS periodic requests for reimbursement of its defense costs, along with copies of its bills (Ex. 9).

12.     AEGIS made the following reimbursement payments Con Edison:

| Date of AEGIS Payment to Con Edison | Amount of Payment |
|---|---|
| December 12, 2007 | $ 3,105,682.93 |
| March 24, 2008 | 5,345,487.96 |
| September 22, 2008 | 6,000,000.00 |
| December 9, 2008 | 6,300,489.76 |
| March 12, 2009 | 2,464,697.46 |
| June 30, 2009 | 2,907,291.46 |
| November 19, 2009 | 873,375.24 |
| December 7, 2009 | 1,321,238.69 |
| June 10, 2010 | 1,047,600.37 |
| August 9, 2010 | 5,634,136.13 |
|  | $35,000,000.00 |

(Ex. 10).

13.    On August 10, 2010, Con Edison notified EIM that the limit of the AEGIS policy was exhausted and "accordingly" requested that EIM begin reimbursing Con Edison for the payments it was making (Ex. 11).

14.    EIM made the following reimbursement payments to Con Edison:

| Date of EIM Payment to Con Edison | Amount of Payment |
|---|---|
| October 14, 2010 | $    78,207.78 |
| January 28, 2011 | 1,731,897.04 |
| April 15, 2011 | 680,992.65 |
| August 15, 2011 | 1,120,786.97 |
| January 27, 2012 | 3,507,264.75 |
| May 11, 2012 | 1,972,975.73 |
| September 29, 2012 | 1,564,899.90 |
| December 21, 2012 | 312,624.70 |
| March 29, 2013 | 743,662.91 |
| October 24, 2013 | 933,391.70 |
| December 20, 2013 | 1,199,135.98 |
| April 17, 2014 | 1,335,728.07 |
| June 19, 2014 | 1,238,944.51 |
| September 11, 2014 | 1,368,344.71 |
|  | $17,788,857.40 |

(Ex. 10).

15.    The AEGIS and EIM payments reimbursed Con Edison's defense costs (Ex. 5, response to interrogatory 11 at pg. 4).

16.     AEGIS and EIM did not pay costs incurred by Con Edison to satisfy its $5 million SIR and its in-house counsel costs (Ex. 5, response to interrogatory 11 at pg. 4).

E. **Insurance Through Lexington**

17.     At the time of the explosion, Con Edison had a contract with Team for the repair and maintenance of its steam pipes (Ex. 12).

18.     The Team/Con Edison contract required Team to procure general liability insurance policy naming Con Edison as an additional insured (Ex. 12 at pgs. ConEd0000875-76).

19.     The policy procured by Team was issued by Lexington and was subject to a ▮▮▮▮▮ limit (Ex. 13).

20.     On September 14, 2007, Con Edison provided notice of the explosion (Ex. 1).

21.     Lexington acknowledged Con Edison's notification on September 27, 2007 (Ex. 14).

22.     Lexington issued a reservation of rights letter on October 6, 2008 (Ex. 15).

23.     In its October 6, 2008 letter, Lexington asked that Con Edison send it a copy of the defense cost invoices for the Lawsuits (Ex. 15 at pg. Lex00095, bottom).

24.     In July 2009, Lexington again asked Con Edison to send it copies of the defense cost invoices (Ex. 16).

25.     In March 2010, Lexington made a third request to Con Edison for the defense invoices (Ex. 17).

26.     In May 2011, Lexington paid its ▮▮▮▮▮ policy limit to Con Edison (Exs. 18 and 19).

27.     Con Edison reserved the right to seek reimbursement from Lexington of its defense costs from the date Con Edison provided notice to Lexington (September 14, 2007) to the date Lexington paid its policy limits (May 4, 2011) (Ex. 18 at pg. 2; and Ex. 5, response to interrogatory 11 at pg. 4).

28.     A memorandum dated May 5, 2011 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The memorandum stated in part as follows:



(Ex. 19).

29.     On July 21, 2011, Con Edison provided Lexington with its defense invoices for 2007 in the amount of $4,766,526.55 (Ex. 20).

30.     On December 2, 2011, Con Edison requested that Lexington pay the 2007 invoices (Ex. 21).

31.     On May 17, 2012, Con Edison sent its invoices for 2008 ($9,567,455.14); 2009 ($4,073,035.68); 2010 ($4,100,124.48); and 2011 ($2,565,776.81) (Ex. 22).

32.     These communications did not indicate that AEGIS and EIM already reimbursed Con Edison for almost all of these invoices (Exs. 20, 21 and 22).

Dated:  May 8, 2015

                        Sedgwick LLP

                        /s/ Timothy D. Kevane
                        Lawrence Klein
                        Timothy D. Kevane
                        225 Liberty Street, 28th Floor
                        New York, NY  10281
                        Telephone: (212) 422-0202
                        Facsimile: (212) 422-0925
                        lawrence.klein@sedgwicklaw.com
                        timothy.kevane@sedgwicklaw.com

                        *Attorneys for Defendant Lexington Insurance Company*