UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., <br><br> Plaintiff, <br><br> v. <br><br> LEXINGTON INSURANCE COMPANY, <br><br> Defendant. | Case No. 14 Civ. 6547 (CM) (JLC) |

### CON EDISON'S RESPONSE TO LEXINGTON'S RULE 56.1 STATEMENT OF MATERIAL FACTS

Pursuant to Local Civil Rule 56.1(b) of the Local Rules of the United States District Court for the Southern District of New York, Plaintiff Consolidated Edison Company of New York, Inc. ("Con Edison") hereby responds to Defendant Lexington Insurance Company's ("Lexington") Rule 56.1 Statement of Material Facts in Support of Motion for Summary Judgment, dated May 8, 2015 ("Defendant's Statement").

### SPECIFIC RESPONSES TO DEFENDANT'S STATEMENT

1. On July 18, 2007, a Con Edison steam distribution pipe exploded at the intersection of 41st Street and Lexington Avenue in Manhattan (Exhibit 1 to Declaration of Timothy Kevane).

**PLAINTIFF'S RESPONSE:** Admitted.

2. The explosion caused personal injury and property damage, leading to numerous lawsuits against Con Edison (the "Lawsuits") (Ex. 1).

**PLAINTIFF'S RESPONSE:** Admitted.

      3.      Con Edison seeks reimbursement from Lexington, which issued a policy to Team, Inc. ("Team") (under which Con Edison was an additional insured), of $25,022,956.35 it claims to have paid in defense of the Lawsuits (Ex. 2 at pg. 3; and Ex. 3).

      **PLAINTIFF'S RESPONSE:** Con Edison does not dispute that it seeks reimbursement from Lexington, which sold a policy to Team, under which Con Edison was an additional insured. Con Edison does not dispute that it has paid more than $25 million in defense of the Lawsuits, but Con Edison states that Lexington's calculation of Con Edison's defense costs is incomplete.

      4.      The costs sought by Con Edison include: (i) defense costs previously reimbursed by Con Edison's own insurers (the vast majority of the claim); (ii) Con Edison's $5 million self-insured retention ("SIR"); and (iii) amounts allegedly paid to the Law Offices of Richard W. Babinecz, Con Edison's in-house counsel (Ex. 4; and Ex. 5, response to interrogatory 11 at pg. 4).

      **PLAINTIFF'S RESPONSE:** Con Edison disputes Lexington's characterization of the costs sought by Con Edison. Con Edison states that the costs it seeks include: (i) defense costs that Con Edison incurred in defending the Lawsuits until Lexington paid its $2,000,000 policy limits for indemnity to Con Edison in or around May 2011; (ii) defense costs that Con Edison incurred in defending the Lawsuits that are included within the $5 million SIR; and (iii) defense costs in the form of the value of Con Edison's in-house counsel's work in defending the Lawsuits.

      5.      The first layer of Con Edison's own insurance is a $35,000,000 liability policy issued by Associated Electric and Gas Insurance Services Limited ("AEGIS") (Ex. 6). To trigger coverage under the AEGIS policy, Con Edison must satisfy a $5 million SIR (Ex. 6, pg. ConEd0000646).

      **PLAINTIFF'S RESPONSE:** Con Edison states that other events must occur to trigger coverage under the AEGIS policy, but otherwise admits that Con Edison's first-layer excess policy is the AEGIS policy, with limits of $35,000,000 and subject to a $5 million SIR.

6. The second layer of Con Edison's insurance is a $100,000,000 liability insurance policy issued by Energy Insurance Mutual ("EIM") (Ex. 7).

**PLAINTIFF'S RESPONSE:** Admitted.

7. Con Edison does not contend that its damages exposure and defense costs in the Lawsuits will exceed the limits that remain available under its own insurance policies (Ex. 5, response to interrogatory 5 at pg. 3).

**PLAINTIFF'S RESPONSE:** Con Edison states that at present it does not know whether its damages and defense costs incurred in the Lawsuits will exceed the limits of its insurance policies. Con Edison further states that Paragraph 7 is immaterial because it does not provide a basis for this Court to rule in favor of either party in connection with Lexington's motion for summary judgment.

8. On October 31, 2007, Con Edison notified AEGIS that it paid $8,105,682.93 in costs regarding the steam pipe explosion through October 31, 2007, thus satisfying the $5 million SIR (Ex. 8).

**PLAINTIFF'S RESPONSE:** Admitted. Con Edison states that Paragraph 8 is immaterial because it does not provide a basis for this Court to rule in favor of either party in connection with Lexington's motion for summary judgment.

9. Con Edison requested that AEGIS reimburse Con Edison the $3,105,682.93 balance (Ex.8).

**PLAINTIFF'S RESPONSE:** Admitted. Con Edison states that Paragraph 9 is immaterial because it does not provide a basis for this Court to rule in favor of either party in connection with Lexington's motion for summary judgment.

10. AEGIS paid the $3,105,682.93 to Con Edison on or about December 12, 2007 (Ex. 10).

**PLAINTIFF'S RESPONSE:** Admitted. Con Edison states that Paragraph 10 is immaterial because it does not provide a basis for this Court to rule in favor of either party in connection with Lexington's motion for summary judgment.

11.     Con Edison subsequently submitted to AEGIS periodic requests for reimbursement of its defense costs, along with copies of its bills (Ex. 9).

**PLAINTIFF'S RESPONSE:**  Admitted.  Con Edison states that Paragraph 11 is immaterial because it does not provide a basis for this Court to rule in favor of either party in connection with Lexington's motion for summary judgment.

12.     AEGIS made the following reimbursement payments Con Edison:

| Date of AEGIS Payment to Con Edison | Amount of Payment |
|---|---|
| December 12, 2007 | $ 3,105,682.93 |
| March 24, 2008 | 5,345,487.96 |
| September 22, 2008 | 6,000,000.00 |
| December 9, 2008 | 6,300,489.76 |
| March 12, 2009 | 2,464,697.46 |
| June 30, 2009 | 2,907,291.46 |
| November 19, 2009 | 873,375.24 |
| December 7, 2009 | 1,321,238.69 |
| June 10, 2010 | 1,047,600.37 |
| August 9, 2010 | 5,634,136.13 |
|  | $ 35,000,000.00 |

(Ex. 10).

**PLAINTIFF'S RESPONSE:**  Admitted.  Con Edison states that Paragraph 12 is immaterial because it does not provide a basis for this Court to rule in favor of either party in connection with Lexington's motion for summary judgment.

13.     On August 10, 2010, Con Edison notified EIM that the limit of the AEGIS policy was exhausted and "accordingly" requested that EIM begin reimbursing Con Edison for the payments it was making (Ex. 11).

**PLAINTIFF'S RESPONSE:**  Con Edison does not dispute that on August 10, 2010, Con Edison requested that EIM begin reimbursing it.  Con Edison states that it did not use the term "exhausted" in that communication to EIM.

14. EIM made the following reimbursement payments to Con Edison:

| Date of EIM Payment to Con Edison | Amount of Payment |
|---|---|
| October 14, 2010 | $ 78,207.78 |
| January 28, 2011 | 1,731,897.04 |
| April 15, 2011 | 680,992.65 |
| August 15, 2011 | 1,120,786.97 |
| January 27, 2012 | 3,507,264.75 |
| May 11, 2012 | 1,972,975.73 |
| September 29, 2012 | 1,564,899.90 |
| December 21, 2012 | 312,624.70 |
| March 29, 2013 | 743,662.91 |
| October 24, 2013 | 933,391.70 |
| December 20, 2013 | 1,199,135.98 |
| April 17, 2014 | 1,335,728.07 |
| June 19, 2014 | 1,238,944.51 |
| September 11, 2014 | 1,368,344.71 |
| | $ 17,788,857.40 |

(Ex. 10).

**PLAINTIFF'S RESPONSE:** Admitted.

15. The AEGIS and EIM payments reimbursed Con Edison's defense costs (Ex. 5, response to interrogatory 11 at pg. 4).

**PLAINTIFF'S RESPONSE:** Admitted.

16. AEGIS and EIM did not pay costs incurred by Con Edison to satisfy its $5 million SIR and its in-house counsel costs (Ex. 5, response to interrogatory 11 at pg. 4).

**PLAINTIFF'S RESPONSE:** Admitted.

17. At the time of the explosion, Con Edison had a contract with Team for the repair and maintenance of its steam pipes (Ex. 12).

**PLAINTIFF'S RESPONSE:** Con Edison does not dispute that, at the time of the explosion, Con Edison had a contract with Team. As to the subject matter of that contract, Con Edison refers to the exhibit referenced in Paragraph 17.

5

18. The Team/Con Edison contract required Team to procure general liability insurance policy naming Con Edison as an additional insured (Ex. 12 at pgs. ConEd0000875-76).

**PLAINTIFF'S RESPONSE:** Con Edison does not dispute that the contract with Team required Team to procure a general liability insurance policy naming Con Edison as an additional insured. Con Edison disputes Paragraph 18 because it does not contain a complete and accurate statement of the terms and conditions of the contract. Con Edison refers to the exhibit referenced in Paragraph 18.

19. The policy procured by Team was issued by Lexington and was subject to a $2 million limit (Ex. 13).

**PLAINTIFF'S RESPONSE:** Con Edison does not dispute that one of the policies procured by Team – sold by Lexington – was subject to a $2 million limit.

20. On September 14, 2007, Con Edison provided notice of the explosion (Ex. 1).

**PLAINTIFF'S RESPONSE:** Admitted.

21. Lexington acknowledged Con Edison's notification on September 27, 2007 (Ex. 14).

**PLAINTIFF'S RESPONSE:** Admitted.

22. Lexington issued a reservation of rights letter on October 6, 2008 (Ex. 15).

**PLAINTIFF'S RESPONSE:** Con Edison does not dispute that Lexington issued a reservation of rights letter on October 6, 2008. Con Edison disputes that Paragraph 22 contains a complete and accurate statement of the contents of that letter. Con Edison states that, in addition to reserving rights, Lexington agreed in its October 6, 2008 letter to defend Con Edison in the Lawsuits. Con Edison respectfully refers to the exhibit referenced in Paragraph 22.

23. In its October 6, 2008 letter, Lexington asked that Con Edison send it a copy of the defense cost invoices for the Lawsuits (Ex. 15 at pg. Lex00095, bottom).

**PLAINTIFF'S RESPONSE:** Admitted. Con Edison states that Paragraph 23 is immaterial because it does not provide a basis for this Court to rule in favor of either party in connection with Lexington's motion for summary judgment.

24. In July 2009, Lexington again asked Con Edison to send it copies of the defense cost invoices (Ex. 16).

**PLAINTIFF'S RESPONSE:** Admitted. Con Edison states that Paragraph 24 is immaterial because it does not provide a basis for this Court to rule in favor of either party in connection with Lexington's motion for summary judgment.

25. In March 2010, Lexington made a third request to Con Edison for the defense invoices (Ex. 17).

**PLAINTIFF'S RESPONSE:** Admitted. Con Edison states that Paragraph 25 is immaterial because it does not provide a basis for this Court to rule in favor of either party in connection with Lexington's motion for summary judgment.

26. In May 2011, Lexington paid its $2 million policy limit to Con Edison (Exs. 18 and 19).

**PLAINTIFF'S RESPONSE:** Admitted.

27. Con Edison reserved the right to seek reimbursement from Lexington of its defense costs from the date Con Edison provided notice to Lexington (September 14, 2007) to the date Lexington paid its policy limits (May 4, 2011) (Ex. 18 at pg. 2; and Ex. 5, response to interrogatory 11 at pg. 4).

**PLAINTIFF'S RESPONSE:** Con Edison states that it seeks all defense costs incurred in connection with the Lawsuits. Con Edison states that, even without specifically reserving its right to seek defense costs, Con Edison has the right to payment of defense costs under the Lexington Policy.

28.     A memorandum dated May 5, 2011 confirmed that all of Con Edison's defense costs had been fully reimbursed by its insurers, AEGIS and EIM.  The memorandum stated in part as follows:

> Attached are two checks totaling $5,000,000 from Lexington Insurance ($2,000,000) and Illinois National ($3,000,000), insurance carriers for our contractor Team Industrial Services ... All other expenses incurred in the litigation to date ($59,856,961.34) have been reimbursed by Aegis and EIM.

(Ex. 19).

**PLAINTIFF'S RESPONSE:**  Con Edison does not dispute that its May 5, 2011 memorandum states that expenses incurred in the Lawsuits had been reimbursed by AEGIS and EIM.  Con Edison states that Paragraph 28 is immaterial because it does not provide a basis for this Court to rule in favor of either party in connection with Lexington's motion for summary judgment.

29.     On July 21, 2011, Con Edison provided Lexington with its defense invoices for 2007 in the amount of $4,766,526.55 (Ex. 20).

**PLAINTIFF'S RESPONSE:**  Admitted.

30.     On December 2, 2011, Con Edison requested that Lexington pay the 2007 invoices (Ex. 21).

**PLAINTIFF'S RESPONSE:**  Admitted.

31.     On May 17, 2012, Con Edison sent its invoices for 2008 ($9,567,455.14); 2009 ($4,073,035.68); 2010 ($4,100,124.48); and 2011 ($2,565,776.81) (Ex. 22).

**PLAINTIFF'S RESPONSE:**  Admitted.

32.     These communications did not indicate that AEGIS and EIM already reimbursed Con Edison for almost all of these invoices (Exs. 20, 21 and 22).

**PLAINTIFF'S RESPONSE:**  Con Edison does not dispute that these communications did not indicate that payments had been received from AEGIS and EIM.  Con Edison states that Lexington already knew that Con Edison had received payments from AEGIS and EIM.

Dated:   May 22, 2015	Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP


By:  */s/ David L. Elkind*

David L. Elkind
delkind@orrick.com
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005-1706
(202)339-8400
(202)339-8500

*Attorney for
Consolidated Edison Company of New York, Inc.*