ATTORNEYS AT LAW
225 LIBERTY STREET, 28TH FLOOR   NEW YORK, NY 10281-1008
*www.sedgwicklaw.com*   212.422.0202 *phone*   212.422.0925 *fax*



*Timothy D. Kevane*
*(212) 898-4008*
*timothy.kevane@sedgwicklaw.com*

June 1, 2015

**Via ECF**

Hon. Colleen McMahon
United States District Court
500 Pearl Street, Room 1640
New York, N.Y.  10007

Re:   *Consolidated Edison Company of New York, Inc. v. Lexington Insurance Company,*
       Case No. 14-cv-06547-CM
       Our File No.:    02331-007950

Dear Judge McMahon:

We represent defendant Lexington Insurance Company.

We received a copy of Con Edison's May 29th letter requesting an extension of the deposition completion deadline to July 6, 2015.

We consented to the request and normally would not respond to a motion on consent. But here, Con Edison seems to have felt the need to tarnish counsel in justifying its need for an extension.

On April 15, 2015, the Court granted a final extension for depositions to June 3, 2015. Since that time, we heard nothing from counsel requesting new dates for the depositions, until a few days ago, on May 26th (in response to our request for an extension on our summary judgment reply brief). We advised counsel that Mr. Farrell was improved, but that his health was not the issue – the issue was that Con Ed had now left very little time to schedule depositions (in Boston) before the June 3rd deadline. Counsel advised he was waiting for us to advise on the status of Mr. Farrell. But previously, it had been Con Ed (as the party seeking the depositions), which sought the dates to make arrangements. Since the Court's order of April 15, all the way through May 26th, we heard nothing from Con Ed about setting depositions. Because we filed a motion for partial summary judgment in the interim, we were proceeding under the impression that the issues were crystallized such that Con Edison no longer felt the need for depositions.

Further, we did not decline to furnish dates. We first proposed to Con Ed that the parties defer depositions until after the Court rules on the partial summary judgment ruling. Con Ed declined that offer, and instead suggested a thirty-day extension, to which we agreed.

20271974v1

Hon. Colleen McMahon
Re:  Consolidated Edison v. Lexington Ins. Co.
June 1, 2015
Page 2

We do not oppose Con Ed's request for an extension.  Nonetheless, we wish to clarify that this was not a case of failing to cooperate, such that Con Ed may now lay the entire blame for its predicament on Lexington, as suggested in Con Edison's letter.  Rather, since it appeared that there was a misunderstanding between counsel, we agreed to the extension.

Thank for Your Honor's consideration of this clarification.

Respectfully,

Tim Kevane

Timothy D. Kevane
Sedgwick LLP

cc:     David Elkind
        Lawrence Klein

20271974v1