

ATTORNEYS AT LAW
225 LIBERTY STREET, 28TH FLOOR   NEW YORK, NY 10281-1008
www.sedgwicklaw.com   212.422.0202 *phone*   212.422.0925 *fax*

# Sedgwick LLP

Timothy D. Kevane
(212) 898-4008
timothy.kevane@sedgwicklaw.com

July 30, 2015

**Via ECF & Facsimile**

Hon. Colleen McMahon
United States District Court
500 Pearl Street, Room 1640
New York, N.Y. 10007

*[Handwritten: 7/30/2015 Pretrial Order date will be reset]*

Re:    *Consolidated Edison Company of New York, Inc. v. Lexington Insurance Company*,
      Case No. 14-cv-06547-CM
      Our File No.:   02331-007950

**MEMO ENDORSED**

Dear Judge McMahon:

We represent defendant Lexington Insurance Company and write regarding the Memorandum Decision and Order Granting in Part and Denying in Part Defendant's Motion for Partial Summary Judgment, dated July 30, 2015.

In that part of the Memorandum in which the Court denied defendant's motion with respect to costs incurred by Con Edison prior to notifying Lexington (Memorandum, Section III at pg. 17), the Court discussed Smart Style Industries, Inc. v. Pennsylvania General Ins. Co., 930 F. Supp. 159 (S.D.N.Y. 1996) and the preclusive effect of a "voluntary payment" provision in the policy with respect to an insured's costs incurred prior to notice to the insurer.

The Memorandum notes that:

> The Lexington Policy at issue in this case apparently does not have such a clause; the parties do not point to one, and while I assume that competent counsel would identify such a clause if it were there, we have looked at the policy independently and cannot fine one.

Memorandum, pg. 19.

However, the Lexington Policy does contain a voluntary payment clause. Lexington's reply memorandum discussed the significance of the voluntary payment clause and cited to the provision in the Policy that was submitted as an exhibit (see Reply Memorandum, Doc. # 50, at pg. 8, citing Exhibit 13 (the Lexington Policy), § V.2.d at bates pg. 3656).

In view of the fact that, just as in Smart Style, the Lexington Policy does have a voluntary payment clause, we respectfully request that the Court revisit this issue.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __7/31/15__

20485166v1

Hon. Colleen McMahon
Re: Consolidated Edison v. Lexington Ins. Co.
July 30, 2015
Page 2

On a separate note, the current deadline for the submission of the joint pretrial order is August 4, 2015. In view of the Court's Memorandum Decision and the issue discussed above, we respectfully request an adjournment of this deadline. Today's Decision has a substantial impact on the remaining issues in the case (see, e.g., Memorandum, pg. 17, "That disposes of the bulk of the money at issue in this lawsuit.").

We respectfully request that a new date for submission of the joint pretrial order be determined after the Court has re-evaluated the Decision in view of the issue raised in this letter.

Thank for Your Honor's consideration of this request.

Respectfully,

*Tim Kevane*

Timothy D. Kevane
Sedgwick LLP

cc:   Lawrence Klein
      David Elkind

20485166v1