ATTORNEYS AT LAW

225 LIBERTY STREET, 28TH FLOOR   NEW YORK, NY 10281-1008
www.sedgwicklaw.com    212.422.0202 *phone*    212.422.0925 *fax*

# Sedgwick LLP

Timothy D. Kevane
(212) 898-4008
timothy.kevane@sedgwicklaw.com

August 5, 2015

**Via ECF & Facsimile**

Hon. Colleen McMahon
United States District Court
500 Pearl Street, Room 1640
New York, N.Y. 10007

Re:   *Consolidated Edison Company of New York, Inc. v. Lexington Insurance Company,*
      Case No. 14-cv-06547-CM
      Our File No.:   02331-007950

**MEMO ENDORSED**

[Handwritten endorsement: 8/6/2015 — Don't worry — I intend to read any argument not addressed to the voluntary payments clause]

Dear Judge McMahon:

On July 30, 2015, the Court issued a Decision in which it denied that part of Lexington's partial summary judgment motion pertaining to whether Con Edison could recover its pre-tender costs under Smart Style Indus., Inc. v. Pennsylvania Gen. Ins. Co., 930 F. Supp. 159 (S.D.N.Y. 1996), cited at pg. 9 of the moving papers (Doc. # 37). The reason given was that the Court stated it could not locate a voluntary payments clause in the Lexington Policy. That afternoon, Lexington sent a letter to the Court advising that the Policy contains a voluntary payments clause, and directed the Court to the citation that was provided in its reply brief. Lexington did not raise any new argument, fact, exhibit or case law that was not already in the record on the summary judgment briefing before the Court.

Later that day, the Court issued a Response to Lexington's Motion for Reconsideration in which it acknowledged that the Policy contains a voluntary payment clause, withdrew the earlier Decision and invited Con Edison "to weigh in with anything it might have to say on this issue."[1] (Emphasis added).

The Court did not re-open the briefing and give Con Edison "carte blanche" to file a sur-reply and supplement its position on *any and all* arguments it now wishes it made but did not in the original briefing. Seizing on the opportunity, however, late yesterday evening Con Edison filed a sweeping Memorandum of Law ("MOL"), which is in effect a sur-reply on the summary judgment briefing, raising additional arguments, facts, exhibits and case law, all of which are tangential to the specific issue on which the Court invited it to "weigh in." The Court should therefore disregard Con Edison's MOL as exceeding the scope of its directive. If the Court believes it is necessary to consider Con Edison's MOL in its entirety, Lexington requests the Court's permission to do so.

In response to Con Edison's MOL, Lexington is compelled to reinforce one point that was made in the summary judgment briefing. Con Edison is fully aware that its claim was never for pre-tender costs, but

---

[1] That the Policy contains the clause was never unknown to or disputed by Con Edison, as reflected in its opposition (Doc. # 41, pg. 9).

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/6/15

20522394v2

Hon. Colleen McMahon
Re: Consolidated Edison v. Lexington Ins. Co.
August 5, 2015
Page 2

rather defense costs incurred from the date of notice to the date the Policy limit was paid. As pointed out in both Lexington's moving and reply briefs, Con Edison's Complaint alleges:

> 16. ... As a primary carrier with a duty to defend Con Edison and whose payment of defense costs does not erode policy limits, Lexington should have paid all of Con Edison's defense costs **from the time Lexington received notice until it paid its policy limits**.

(Doc. # 37, Brief, pg. 10 and Doc. # 50, Reply Brief, pg. 9, citing to Con Edison's Complaint, Ex. 3 to Kevane Decl. (see ¶ 16); emphasis added). Con Edison is bound by its allegation which sought only costs incurred <u>after</u> it gave notice to Lexington. Whitehurst v. 230 Fifth, Inc., 998 F. Supp.2d 233, 248 (S.D.N.Y. 2014); Podell v. Citicorp Diners Club, Inc., 914 F. Supp. 1025 (S.D.N.Y. 1996) (complaint frames the issues).

Equally compelling is that Con Edison admitted that its Complaint only sought post-notice costs in its sworn interrogatory response, as follows:

> Lexington was obligated to defend Con Edison until Lexington paid its policy limits in May 2011, **once Lexington received notice of the Con Edison claim**. Defense costs paid by Con Edison **after it gave notice to Lexington** that eroded the self-insured retention are defense costs that should have been paid by Lexington.

(Doc. # 50, Reply Brief, pg. 9, citing Ex. 5 to Kevane Decl., response to interrogatory no. 11 at pg. 4; emphasis added).

Thus, as pointed out in Lexington's moving brief "[t]here can be no controversy on this issue because Con Edison" conceded it is not entitled to pre-notice costs (Doc. # 37, pg. 10).

Respectfully,

*Tim Kevane*

Timothy D. Kevane
Sedgwick LLP

cc:　　Lawrence Klein
　　　　David Elkind

20522394v2