**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| CONSOLIDATED EDISON COMPANY | ) | |
| OF NEW YORK, INC. | ) | |
| | ) | Case No. 14 Civ. 6547 (CM) (JLC) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LEXINGTON INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

---

**MOTION FOR RECONSIDERATION IN RESPONSE TO THE**
**COURT'S MEMORANDUM DECISION AND ORDER OF SEPTEMBER 9, 2015**

---

**LOWENSTEIN SANDLER LLP**

David L. Elkind
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037
Telephone: (202)753-3773
Facsimile: (202)753-3838
delkind@lowenstein.com

Benjamin D. Tievsky
1251 Avenue of the Americas
New York, New York 10020
Telephone: (646) 414-6976
Facsimile: (973) 597-2400
btievsky@lowenstein.com

*Attorneys for Plaintiff Consolidated*
*Edison Company of New York, Inc.*

## TABLE OF CONTENTS

**PAGES**

TABLE OF AUTHORITIES ........................................................................................ ii

INTRODUCTION .................................................................................................... 1

THE COMPLAINT STATES A CLAIM AGAINST LEXINGTON FOR ALL DAMAGES, INCLUDING ALL DAMAGES INCURRED PRIOR TO SEPTEMBER 14, 2007 ............................................................................................ 1

    Lexington Continually Breached Its Duty To Defend Con Edison ..................................... 1

    The Complaint States A Claim Against Lexington For All Damages, Including All Damages Incurred Prior To September 14, 2007 ......................................... 6

CONCLUSION ........................................................................................................ 8

# TABLE OF AUTHORITIES

**PAGES**

CASES

*Auto Ins. Co. of Hartford v. Cook*,
  7 N.Y.3d 131 (2006) .......................................................................................................2

*Fieldston Prop. Owners' Ass'n v. Hermitage Ins. Co.*,
  16 N.Y.3d 257 (2011) .....................................................................................................3

*Gen. Motors Acceptance Corp. v. Nationwide Ins. Co.*,
  4 N.Y.3d 451 (2006) ....................................................................................................4, 5

*Gen. Star Indem. Co. v. Driven Sports, Inc.*,
  80 F. Supp. 3d 442, 463 (E.D.N.Y. 2015) ....................................................................3

*George Campbell Painting v. Nat'l Union Fire Ins. Co of Pittsburgh, PA.*,
  937 N.Y.S.2d 164 (1st Dep't 2012) ...............................................................................3

*Greater New York Mut. Ins. Co. v. Chubb Indem. Ins. Co.*,
  963 N.Y.S.2d 218 (1st Dep't 2013) ...............................................................................3

*Hunter Roberts Constr. Grp., LLC v. Arch Ins. Co.*,
  904 N.Y.S.2d 52 (1st Dep't 2010) .................................................................................3

*Leopold v. Baccarat, Inc.*,
  No. 95CV6475, 2000 WL 174923 (S.D.N.Y. Feb. 14, 2000), *aff'd*, 239 F.3d 243 (2d Cir.
  2001) ...............................................................................................................................7

*Maurizio v. Goldsmith*,
  84 F.Supp. 2d 455 (S.D.N.Y. 2000)...............................................................................7

*Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders In Het Kapitaal Van
  Saybolt International B.V. v. Schreiber*,
  407 F.3d 34 (2d Cir. 2013)..............................................................................................7

*U.S. Underwriters Ins. Co. v. Landau*,
  679 F. Supp. 2d 330 (E.D.N.Y. 2010) ...........................................................................2

STATUTES

N.Y. Ins. Law § 2601 (McKinney 2015) .................................................................................2

RULES

Rule 30(b)(6)...........................................................................................................................3, 7

## INTRODUCTION

Consolidated Edison Company of New York, Inc. ("Con Edison") submits this motion seeking reconsideration of Court's Memorandum Decision and Order of September 9, 2015 (the "Memorandum Decision"). Specifically, Con Edison seeks reconsideration of the Court's decision dismissing claims for damages occurring prior to September 14, 2007.

## THE COMPLAINT STATES A CLAIM AGAINST LEXINGTON FOR ALL DAMAGES, INCLUDING ALL DAMAGES INCURRED PRIOR TO SEPTEMBER 14, 2007

### Lexington Continually Breached Its Duty To Defend Con Edison

Con Edison respectfully disagrees with portions of the factual recitation contained within the Memorandum Decision, particularly those portions of the decision which describe the events leading to the ongoing refusal of Lexington Insurance Company ("Lexington") to defend Con Edison. Contrary to the statement in the Memorandum Decision, many of the facts recited by the Court are disputed. In its motion papers, which were served prior to depositions, Lexington made numerous misstatements of fact. As the Court's decision may have been influenced by an inaccurate presentation of relevant facts, Con Edison will endeavor to provide the Court with an accurate history of the events leading to this litigation.

According to the Memorandum Decision, Lexington stood ready, willing, and able to defend Con Edison, and would have done so, were it not for Con Edison's decision which "affirmatively prevented Lexington from controlling the defense." Memorandum Decision at 15. However, Lexington actually "reserved its rights," and therefore waived the right to control Con Edison's defense. While Lexington had the duty to defend Con Edison, it unilaterally decided not to.

Con Edison's contract with Team, Inc. required Team to provide primary liability insurance coverage to Con Edison that contained the duty to defend Con Edison.[1] While Lexington had the information that it needed to defend Con Edison, it refused to do so. The information requests to Con Edison were not relevant to its duty to defend, but, as Lexington's claims handler admitted at his deposition (conducted after the motion was fully submitted), the information requests were a pretext for delaying coverage obligations to Con Edison.

At the outset of this action, Lexington's counsel asked Con Edison's counsel to provide all defense invoices to facilitate settlement negotiations between the parties. Although Con Edison promptly provided the invoices, Lexington's counsel never attempted to schedule a settlement discussion. The deposition testimony of Lexington's witnesses contradicted Lexington's factual submission to the Court. The depositions demonstrate that Lexington repeatedly breached its duty to defend Con Edison and unilaterally decided not to control Con Edison's defense.

As the Court has recognized, Con Edison gave Lexington notice on September 14, 2007. Lexington did not respond substantively for 13 months, until on October 6, 2008, when its counsel wrote Con Edison, offering to defend Con Edson under a "reservation of rights." There are only two documents necessary to determine the duty to defend – the complaint and the insurance policy. *See Auto Ins. Co. of Hartford v. Cook*, 7 N.Y.3d 131, 137 (2006). Although Lexington had these documents, Lexington still waited 13 months to respond to notice. The 13 month delay alone is a breach of contract. *See* N.Y. Ins. Law § 2601 (McKinney 2015) (unreasonable delay in responding to notice is an unfair claims settlement practice); *see also U.S. Underwriters Ins. Co. v. Landau*, 679 F. Supp. 2d 330, 342 (E.D.N.Y. 2010) ("New York courts

---

[1] With respect to the issue raised in the Memorandum Decision at 2 n.1, Team purchased an additional insurance policy (with $3 million in coverage) to provide the remaining insurance coverage that it was obligated to provide Con Edison.

have held waiting periods of approximately two months or longer unreasonable as a matter of law"); *Hunter Roberts Constr. Grp., LLC v. Arch Ins. Co.*, 904 N.Y.S.2d 52, 57 (1st Dep't 2010) (insurer's two month delay in disclaiming based on insured's lack of cooperation was not "as soon as reasonably practicable."); *George Campbell Painting v. Nat'l Union Fire Ins. Co of Pittsburgh, PA.*, 937 N.Y.S.2d 164, 167 (1st Dep't 2012) (four month delay unreasonable, precluding insurer from disclaiming on late notice grounds); *Greater New York Mut. Ins. Co. v. Chubb Indem. Ins. Co.*, 963 N.Y.S.2d 218, 220 (1st Dep't 2013) (insurer's 15 month delay untimely as a matter of law).

When Lexington finally responded to Con Edison's September 14, 2007 notice on October 6, 2008, it also requested "copies of the all [sic] forty-five lawsuits against Con Edison," defense cost invoices and copies of other policies that may provide coverage.  *See* the accompanying Declaration of David L. Elkind ("Elkind Decl.") Ex. 2.  Con Edison sent Lexington more than 50 complaints before July 9, 2009, but Lexington still did nothing.[2]  *See* Elkind Decl. Ex. 3, at 33-34.  As Lexington's Rule 30(b)(6) witness testified, all of the complaints potentially implicated coverage, triggering Lexington's duty to defend.  Elkind Decl. Ex. 4, at 25.  By the time that Lexington paid its $2 million policy limits in May 2011, it had concluded that the claims were covered under Lexington's policy.  Elkind Decl. Ex. 3, at 26-27.

When Lexington responded to Con Edison's notice, it was required to defend Con Edison, even though it had reserved its rights.  *Cf. Fieldston Prop. Owners' Ass'n v. Hermitage Ins. Co.*, 16 N.Y.3d 257, 262, 265 (2011) (observing that primary carrier that defended under reservation must defend without contribution from excess insurers); *Gen. Star Indem. Co. v. Driven Sports, Inc.*, 80 F. Supp. 3d 442, 463 (E.D.N.Y. 2015) (insurer receives benefits

---

[2] The Court appears to have incorrectly concluded that the complaints were not provided to Lexington until July 21, 2011. *See* Memorandum Decision at 4.

associated with reservation of rights *because* it defends the insured).  It did not. The Lexington's claims handler admitted during his deposition that the defense cost invoices and other policies that Lexington sought were irrelevant to the duty to defend, although they may have been pertinent to the duty to indemnify Con Edison.  Elkind Decl. Ex. 3, at 14, 18-20, 26.[3]

The fact that Con Edison had excess insurance coverage did not diminish Lexington's duty as the primary insurer to defend Con Edison.  *See Gen. Motors Acceptance Corp. v. Nationwide Ins. Co.*, 4 N.Y.3d 451, 457 (2006).  As the primary insurance company with the duty to defend, Lexington should have responded first, and fully defended Con Edison in the steam rupture litigation. Con Edison repeatedly asked that Lexington provide full coverage, Elkind Decl. Ex. 5, which Lexington understood to include the duty to defend.  Elkind Decl. Ex. 4, at 20.  Lexington simply ignored its contractual policy obligations.

Con Edison was concerned about giving Lexington the documents that Lexington requested.  Lexington's named insured, Team, Inc., the contractor whose work implicated the steam explosion, was adverse to Con Edison in the subsequent actions.  Con Edison's concerns were justified.  Until late 2008, the same Lexington claims handler was handling both Con Edison's and Team's claims.  Elkind Decl. Ex. 3, at 12-14.  Lexington was defending Team, but not Con Edison. Elkind Decl., Ex. 4 at 39.

Con Edison thus requested that Lexington separate its handling of Team's claims from Con Edison's claims, but Lexington was unable to keep electronic documents on separate servers, as Con Edison requested.  Elkind Decl., Ex. 3 at 38-39.  Despite Lexington's failure to satisfy Con Edison's concerns, Con Edison still provided the requested information, and more, to

---

[3] Lexington initially did not know whether Con Edison had paid the policy's $250,000 self-insured retention, which operates like a deductible, but Con Edison demonstrated its payment of the retention on November 24, 2008, Elkind Decl., Ex. 3 at 24-26 and Ex. 6 at LEX0003704, and Lexington's claims handler knew that Con Edison had paid that much in defense costs.  *Id.* Ex. 3 at 57.

Lexington.  On July 8, 2010, Con Edison met with Lexington, along with its defense counsel, and gave Lexington a detailed presentation that included a thorough discussion of Con Edison's defense.  Elkind Decl., *Id.* at 40-42.  Lexington's only issue concerned Con Edison's use of two defense firms, but Con Edison explained each firm's complementary roles, and its defense strategy, and satisfied Lexington's claims handler, as he admitted during his deposition.  *Id.* at 52-54, 61-63, 65-66.  Lexington's claims handler also admitted that he had agreed during the meeting to pay all of Con Edison's defense costs after Lexington received notice, but Lexington reneged on its promise.  *Id.* at 55.

Con Edison still sent the requested invoices and other policies to Lexington.  *See* Elkind Decl., Ex. 5.  Con Edison sent Lexington deposition summaries and updates on the status of the litigation.  Ex. 3 at 59, 63-64. Con Edison also sent the requested invoices and other policies to Lexington despite Lexington's failure to segregate Con Edison's and Team's files. See Elkind Decl., Ex. 7. The invoices were sent in two batches at Lexington's request.  Elkind Decl., Ex. 3 at 28.  After the second batch was sent to Lexington, which included Con Edison's invoices from 2008 until May 2011, when Lexington paid its policy limits, Lexington's claims handler admitted that he did nothing with them, and did not return Con Edison's phone calls.  *Id.* at 69-71, 75-76.  Because Lexington decided to reserve its rights under the policy, its claims handler felt that Lexington could not control Con Edison's defense. He viewed Lexington's reservation of rights, however, as specious, and Lexington considered withdrawing its reservation so that it could control Con Edison's defense, which included the right to select counsel, but it chose not to.  *Id.* at 33, 35-36.

Lexington long had all that it needed to determine its duty to defend Con Edison, but it never did, despite its promise to do so from the time of notice.  Lexington repeatedly refused to

honor Con Edison's requests that it defend Con Edison.  Lexington's failure to provide a defense to Con Edison and its failure to reimburse Con Edison for its defense costs constitute a breach of contract.

**The Complaint States a Claim Against Lexington For All Damages, Including All Damages Incurred Prior To September 14, 2007**

This Court correctly held that Con Edison was entitled to defense costs from the date of the first claims against Con Edison, and that Lexington had waived its right to assert the "voluntary payments" clause in its policy. However, the Court incorrectly held that Con Edison was not entitled to pre-notice defense costs based upon its finding that the complaint failed to state a claim to recover those costs. Since the Court is mistaken in its conclusion that the complaint fails to assert claims for costs incurred prior to September 14, 2007, Con Edison seeks reconsideration of the Court's decision dismissing these claims for damages.

The relevant language in the complaint that the Court cited, at paragraph 16, states that "Lexington should have paid all of Con Edison's defense costs from the time Lexington received notice until it paid its policy's limits of liability."  Rather than limiting the scope of damages, the factual section identifies when Lexington became obligated to provide Con Edison with a defense. Once Lexington received notice, it should have immediately defended Con Edison, and it should not have waited 13 months before responding to the notice, shifting its contractual obligations onto Con Edison to manage its defense costs. That allegation should not be interpreted as a waiver of pre-notice defense costs.

As clearly stated in the portion of the complaint which demands relief (Claim for Relief), Con Edison asserted that the scope of damages sought included pre-notice defense costs:

> 19.  Lexington has breached its insurance policy obligations by failing to pay for all of Con Edison's defense costs which were incurred before Lexington paid its policy's limits.

The complaint clearly sought all defense costs from Lexington and amendment of the complaint is unnecessary.

Finally, on May 22, 2015, Con Edison's opposition to Lexington's motion for summary judgment reiterated its position that Lexington was obligated to pay for all of Con Edison's defense costs until it exhausted its policy limits.[4] One month after Con Edison submitted its opposition, Lexington deposed Con Edison's witnesses, including its Rule 30 (b) (6) witness on June 25, 2015. It had a full opportunity to question Con Edison about all damages during those depositions.

Con Edison's complaint sought the relief to which it is entitled, including all pre-notice defense costs.[5] In fact, Lexington has been under no misapprehension with regard to the scope of the relief sought by Con Edison. As this Court noted in the Memorandum Decision, Lexington's own summary judgment papers – which, of course, post-date both the pleadings and interrogatories exchanged by the parties – characterize Con Edison's claims as including pre-notice defense costs. *See* Memorandum Decision at 21 n.7. It is therefore clear that, notwithstanding any purported confusion arising out of Con Edison's complaint or any

---

[4] To the extent that Con Edison's February 25, 2015 interrogatory response conflicts with statements that Con Edison is entitled to all defense costs, the complaint and opposition papers control. The interrogatory response simply misstates New York law and is not binding on Con Edison, especially in response to a factual interrogatory that asked for "all facts in support of the allegation in paragraph 17 of the Complaint that Con Edison has been 'damaged.'" Courts in this circuit have consistently held that legal conclusions are not considered binding admissions of *fact*. *E.g., Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders In Het Kapitaal Van Saybolt International B.V. v. Schreiber*, 407 F.3d 34, 45 (2d Cir. 2013); *see also Leopold v. Baccarat, Inc.*, No. 95CV6475, 2000 WL 174923, at *2 (S.D.N.Y. Feb. 14, 2000), *aff'd*, 239 F.3d 243 (2d Cir. 2001) ("admissions of *fact* are binding on litigants. There is no reason that defense counsel's theoretical analysis of the law . . . should be considered an admission of the *legal* issue . . . .") (emphasis in original); *Maurizio v. Goldsmith*, 84 F.Supp. 2d 455, 464 (S.D.N.Y. 2000) ("This Court holds that these statements are not of the type of 'clear and unambiguous admissions of fact' which have a binding effect on a party. Rather, they are more properly construed as legal arguments . . . .").

[5] The Memorandum Decision incorrectly pairs Lexington's waiver of the right to assert the voluntary payments provision with Con Edison's right to obtain pre-notice costs. Memorandum Decision at 20. Con Edison's right to obtain pre-notice costs is based on New York law not on Lexington's waiver of a policy condition.

interrogatory response, Lexington has not been misled but, to the contrary, has been on actual notice of the true breadth of Con Edison's claims.

In sum, the Court incorrectly held that Con Edison was not entitled to pre-notice defense costs based upon its finding that the complaint failed to state a claim to recover those costs. Since the Court is mistaken in its conclusion that the complaint fails to assert claims for costs incurred prior to September 14, 2007, Con Edison seeks reconsideration and reversal of the Court's decision dismissing these claims for damages.

## CONCLUSION

For the foregoing reasons, the Memorandum Decision should be reconsidered and reversed. Con Edison is available if the Court seeks oral argument of this dispute.

Dated:  September 23, 2015

<div style="margin-left:40%">

Respectfully submitted,

**LOWENSTEIN SANDLER LLP**

By:*/s/ David L. Elkind*
      David L. Elkind
      2200 Pennsylvania Avenue, NW
      Washington, D.C. 20037
      Telephone: (202)753-3773
      Facsimile: (202)753-3838
      delkind@lowenstein.com

      Benjamin D. Tievsky
      1251 Avenue of the Americas
      New York, New York 10020
      Telephone: (646) 414-6976
      Facsimile: (973) 597-2400
      btievsky@lowenstein.com

      *Attorneys for Plaintiff Consolidated*
      *Edison Company of New York, Inc.*

</div>